WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George Munoz; Magda Reyes, | No. CV-13-01826-PHX-GMS |
| Plaintiffs, | **ORDER** |
| v. | |
| Federal National Mortgage Association; Bank of America Corporation; Greentree Servicing LLC; Unknown Parties, | |
| Defendants. | |

Pending before the Court is Defendant Green Tree Servicing's Motion to Dismiss First Amended Complaint. (Doc. 15.) For the following reasons, the Motion is granted in part and denied in part.

## BACKGROUND

Plaintiffs George Munoz and Magda Reyes obtained a mortgage in October 2006 on their home in Surprise, Arizona. (Doc. 11 ¶ 13.) The other defendant in this case, Bank of America, formerly Countrywide Home Loans or CFC, initially provided and serviced the loan in question. (*Id.* ¶¶ 13–25.) The allegations related to Bank of America's conduct are not relevant to this Motion to Dismiss, which concerns only defendant Green Tree Servicing, LLC ("Green Tree").[1]

/ / /

---

[1] Although Plaintiffs generally allege that "Green Tree participated in the acts and practices described herein," (*Id.* ¶ 3) they plead no facts to suggest that Green Tree had anything to do with their loan until April 10, 2012.

On April 10, 2012, all beneficial interests and the servicing responsibilities for the loan were assigned to Defendant Green Tree Servicing, LLC ("Green Tree"). (*Id.* ¶ 26.) Plaintiffs had previously been pursuing various forms of assistance with their loan from Bank of America when Green Tree took over. Plaintiffs unsuccessfully sought a loan modification from Green Tree and later unsuccessfully presented a buyer for a short sale. (*Id.* ¶¶ 26–36.) Plaintiffs allege that Green Tree provided false and misleading information in both of these transactions and failed to inform them of other available options for relief. (*Id.*)

After Plaintiffs ceased paying their mortgage, Green Tree recorded a notice of trustee sale on November 5, 2012. (Doc. 15 at 4.) That foreclosure has been postponed and has not yet occurred. (*Id.*) For a period of time, Plaintiffs were under the impression that the foreclosure had already occurred even though they remained in the home. (Doc. 11 ¶ 37.) On June 11, 2013 and again on June 25, Green Tree offered Plaintiffs a permanent modification of their loan. (*Id.* ¶¶ 37–40.) Plaintiffs did not accept either offer and allege that Green Tree provided them with an unreasonable deadline of five or ten days to reply to those offers. (*Id.*)

On August 9, 2013 the Plaintiffs initiated this action in Arizona Superior Court and Defendants removed to this Court. (Docs. 1, 1-2.) The Plaintiffs filed an Amended Complaint ("FAC") on October 23, 2013 and Defendant Green Tree filed the instant Motion to Dismiss on December 4, 2013. (Docs. 11, 15.)

**DISCUSSION**

**I.   Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) is designed to "test[] the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a

complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

When analyzing a complaint for the failure to state a claim under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

Federal Rule of Civil Procedure 9(b) requires more specificity for allegations of fraud, including an account of the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004) (citation omitted). In addition to time, place, and content allegations, the plaintiff also must explain what is false or misleading about the statements or omissions. *In re Stac Electronics Sec. Litig.*, 89 F.3d 1399, 1404 (9th Cir. 1996). "To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (citation, quotations omitted).

As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th

Cir. 1994), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted). However, documents subject to judicial notice may be considered on a motion to dismiss. In doing so, the Court does not convert a motion to dismiss to one for summary judgment. *See Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).

**II.     Analysis**

Green Tree first argues that dismissal is appropriate on all counts under Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It argues that the Plaintiffs have failed to comply with Rule 8(a) because they provide only "threadbare accusations and conclusions and recitations of law." (Doc. 15 at 7.)

Here, the Plaintiffs set out occasions on which Defendants made promises or assurances with respect to various refinancing, short-sale, and other loan modification opportunities. Plaintiffs' claim that they were misled and harmed by these alleged actions. Although the FAC does include legal conclusions and recitations of law, Plaintiffs also plead enough factual material to demonstrate facial plausibility if those facts are taken as true. As discussed below, not all of the Claims survive this Motion to Dismiss, but the Court will not dismiss the entire FAC as failing to meet the Rule 8(a) standards.

**A.     Arizona's Consumer Fraud Act Claims (Counts One and Two)**

The Arizona Consumer Fraud Act ("CFA") grants an implied private right of action against persons who violate its provisions. *Dunlap v. Jimmy GMC of Tucson, Inc.*, 136 Ariz. 338, 342, 666 P.2d 83, 87 (Ct. App. 1983). To prevail on a CFA claim in Arizona, the plaintiff must show "(1) a false promise or misrepresentation made in connection with sale or advertisement of merchandise, and (2) consequent and proximate injury." *Stratton v. Am. Med. Sec., Inc.*, No. CV-07-1491-PHX-SMM, 2008 WL 2039313 at *7 (D. Ariz. May 12, 2008) (citing *Kuehn v. Stanley*, 208 Ariz. 124, 129, 91 P.3d 346,

351 (Ct. App. 2004)). Because claims brought under the CFA involve allegations of fraud, they must be pled with particularity. *Silving v. Wells Fargo Bank, NA*, 800 F. Supp. 2d 1055, 1075 (D. Ariz. 2011).

Green Tree argues that Counts One and Two should be dismissed because Plaintiffs allegations do not relate to "merchandise," a "sale," or an "advertisement" as those terms are used in the CFA. Its position is directly contradicted by the case it cites. *Villegas v. Transamerica Fin. Servs., Inc.*, 147 Ariz. 100, 102–03, 708 P.2d 781, 783–84 (Ct. App. 1985). *Villegas* held that for purposes of the CFA: the money in a loan is merchandise, the loan itself is a sale, and an oral inducement to take a loan is an advertisement. *Id.* Green Tree's attempt to distinguish this case based on the holding in *Walker v. Gallegos* is unavailing. 167 F. Supp. 2d 1105, 1106–08 (D. Ariz. 2001). In *Walker* a son was being removed from his deceased mother's trailer based on the loan she had taken on it. *Id.* This court made it clear in *Gallegos* that based on *Villegas* the mother's loan did fall under the CFA but that the son's claims against an attorney seeking to repossess the collateral were too attenuated to state a CFA claim. *Id.*

Here, Plaintiffs allege multiple occasions in which defendants made oral inducements about refinancing, short sales, and other loan modification opportunities. All of those events were attempted sales of merchandise in the form of loan money. There is not attenuation because the actual parties to these transactions are the plaintiff and defendant here, unlike *Gallegos* in which neither the son nor the attorney were parties to the underlying loan transaction. Claims One and Two are not dismissed for failing to state a claim that involves merchandise, a sale, or an advertisement under the CFA.[2]

### B.    Breach of Contract (Count Three)

Under Arizona law, a breach of contract claim contains three elements: "an agreement, the right to seek relief, and breach by a defendant." *Narramore v. HSBC Bank*

---

[2] Plaintiffs' Response argues that Green Tree failed to dispute that it is bound by the conditions of various government programs including MHA and HAMP. Green Tree did not allege that as a basis for it motion and this Court makes no finding regarding Plaintiffs' contentions that these programs apply or provide a cause of action.

*USA, N.A.,* No. 09-CV-635-TUC-CKJ, 2010 WL 2732815 at *4 (D. Ariz. July 7, 2010). A plaintiff must also allege that the plaintiff was damaged as a result of the breach. *Id.* Green Tree asserts that the Plaintiffs' claim should be dismissed because it fails to allege any agreement with specificity and because oral agreements are barred by the statue of frauds.

Count Three alleges promises contained in "documents developed by the parties in the origination of the loan and mortgage" but it does not specify what those documents are. The loan documentation is mentioned but there is no indication about how it was breached. Modifications that were offered and short-sale packets are also mentioned but the FAC does not allege that any of these were completed contracts. Nor does it allege how they were breached. Plaintiffs' claim that these contracts include promises as to loss mitigation, loan modification, payment collection, and foreclosure but they do not specify such promises in a way that makes a right to relief plausible. Instead Plaintiffs' claim that they and the Defendants "understood" that things were subject to modification based on economic circumstances. Even if such an understanding could be a contract, Green Tree did in fact offer a modification on two occasions. Here, the FAC does not allege enough factual material about the contracts or how they were allegedly breached in order to raise the right to relief above a speculative level. The Plaintiffs have failed to state any claim in relation to these contracts and Claim Three is dismissed as to Green Tree.

**C.    Ariz. Rev. Stat. Title 33 Chapter 6.1 (Count Four)**

Chapter 6.1 of Title 33 of the Arizona Revised Statutes contains twenty-three sections relating to Deeds of Trust. These sections establish requirements for everything from appointing successor trustees to the disposition of proceeds from a trustee's sale. *See* A.R.S. § 33-801 *et seq.* The Plaintiffs do not specify which section of Chapter 6.1 Green Tree violated. Plaintiffs also make assertions that Arizona court precedent requires Defendants to strictly comply with all of the requirements of Title 33, which should be strictly construed in Plaintiffs' favor. Finally, Plaintiffs argue that Defendants failed to provide loss mitigation and foreclosure process that includes substantive fairness.

Green Tree initially hypothesizes that Plaintiffs intended to make a claim for wrongful foreclosure, and later suggests that Plaintiffs may be alleging that the entire chapter was violated. The Court does not know which of the various requirements of Title 33, Chapter 6.1 Plaintiffs believe were violated. Plaintiffs' Response does not provide any guidance to understanding its FAC. As in other places, Plaintiffs' Response is primarily just a copy of the same language found in the FAC. The allegation that the process lacked "substantive fairness" is a legal conclusion that is insufficient to state a claim.

The Court need not read through an entire chapter of Arizona statutes and then through the background section of Plaintiffs' FAC searching for a claim. Plaintiffs have failed to identify what section and requirement was violated. The only possible violation for which they have stated any factual material is that they were not informed of the rescheduling of the foreclosure sale. Aside from this, they have failed to state a claim under Title 33, Chapter 6.1 of the Arizona Revised Statutes, and Count Four of their FAC is dismissed as to Green Tree for all allegations except the claim that they were not provided with the required notice that the foreclosure sale had been rescheduled.

### D. Tortious Negligent Misrepresentation (Count Five)

Arizona recognizes the tort of negligent misrepresentation as set out in the Restatement (Second) of Torts. *McAlister v. Citibank (Ariz.), a Subsidiary of Citicorp*, 171 Ariz. 207, 215, 829 P.2d 1253, 1261 (Ct. App. 1992). Negligent misrepresentation is defined as supplying "false information for the guidance of others in their business transactions" in the course of the tortfeasor's business, profession, employment, or any other transaction in which he has a pecuniary interest. *St. Joseph's Hosp. & Med. Ctr. v. Reserve Life Ins. Co.*, 154 Ariz. 307, 312, 742 P.2d 808, 813 (1987). Recovery is limited to the persons or limited group of persons "for whose benefit and guidance [the tortfeasor] intends to supply the information." *Id.* Liability is limited in scope "because it is premised on the reasonable expectations of a foreseeable user of information supplied in connection with commercial transactions." *Id.* at 312–13, 742 P.2d at 813–14.

Here, this Court has already determined that the FAC provides sufficient factual information about the alleged misrepresentations to meet the requirements of Rule 8(a). The question on this and other fraud based claims is whether there is sufficient additional detail to survive dismissal based on the requirements of Rule 9(b) that fraud based claims are plead with particularity.

The FAC does provide sufficient particularity about time, place, and specific content of the allegedly fraudulent communications. The FAC includes dates of the communications and tells whether they were by phone or letter. In some cases Plaintiffs provide the name of the employee they spoke with on the phone. They also describe the false information given to them about which loss mitigation programs were available. They allege that these statements were untrue because other forms were available and should have been offered. This information was given by Green Tree in the course of its business in a way that guided Plaintiffs' financial decisions. Therefore, Count Five is not dismissed.

### E. Tortious Fraudulent Concealment (Count Six)

Arizona recognizes the tort of fraudulent concealment as set out in the Restatement (Second) of Torts. *Wells Fargo Bank v. Ariz. Laborers Local No. 395 Pension Trust Fund*, 201 Ariz. 474, 496, 38 P.3d 12, 34 (2002). The tort is defined as concealing or by other action intentionally preventing a party to a transaction from acquiring material information. *Id.*

For the reasons just described, Plaintiffs adequately plead this fraud based claim with particularity. Plaintiffs allege that Green Tree concealed the availability of other loss mitigation programs. They also allege that Green Tree concealed accurate information during the processing of the short sale application and throughout their dealings. Count Six is not dismissed.

### F. Tortious Failure to Hire, Train or Supervise Employee (Count Seven)

In Arizona, the "failure to hire" tort has only been discussed in the context of job applicants bringing suits against prospective employers, and Arizona courts have

specified that the Arizona Civil Rights Act does not create common law action for wrongful failure to hire. *Burris v. City of Phoenix*, 179 Ariz. 35, 43, 875 P.2d 1340, 1348 (Ct. App. 1993). The Plaintiffs do not cite to any case law that supports a failure to hire claim on the facts of this case. Because a wrongful failure to hire claim does not apply to this context, The Plaintiffs' claim on that theory is dismissed.

"For an employer to be held liable for the negligent hiring, retention, or supervision of an employee, a court must first find that the employee committed a tort." *Kuehn*, 208 Ariz. at 130, 91 P.3d at 352. The Plaintiffs do not identify in their FAC or in their Response which employee is alleged to have committed what tort. Thus, they have failed to allege with sufficient specificity which Green Tree employee committed a tort, much less what tort it was, or how Green Tree was negligent in hiring, training, or supervising the unidentified employee. They have further failed to plead any facts that would indicate that any mistake by any employee was caused by poor hiring, training, or supervision. As such, Plaintiffs do not state a claim that Green Tree failed to properly hire, train, or supervise employees. Count Seven is dismissed as to Green Tree.

### G.    Consent Judgment (Count Eight)

Count Eight alleges that the Defendants actions were in violation of a 2012 Consent Judgment. Green Tree argues that Plaintiffs do not have standing to enforce that Consent Judgment and that Green Tree was not a party to that judgment. Plaintiffs concede that Green Tree is not bound by the Consent agreement. Therefore Count Eight is dismissed as to Green Tree. Plaintiffs' argument about MHA requirements is immaterial because Count Eight does not allege a violation of MHA.

### H.    Tortious Constructive Fraud (Count Nine)

Arizona defines the tort of constructive fraud as "a breach of legal or equitable duty which, irrespective of the moral guilt or intent of the party charged, the law declares fraudulent because of its tendency to deceive others, to violate public or private confidence, or to injure public interests." *Rhoads v. Harvey Publications, Inc.*, 145 Ariz. 142, 148, 700 P.2d 840, 846 (Ct. App. 1984). For the cause of action to arise, "a

1  relationship, akin to a fiduciary relationship must exist." *McAlister*, 829 P.2d at 1261.
2  The requisite relationship approximates "business agency, professional relationship, or
3  family tie." *Rhoads*, 700 P.2d at 847. If a "relationship of trust and confidence exists
4  between [the] two parties so that one of them places a peculiar reliance in the
5  trustworthiness of another, the latter is under a duty to make a full and truthful disclosure
6  of all material facts and is liable for misrepresentation or concealment." *Id.* at 846–47.

7  Here, Green Tree argues that Count Nine should be dismissed for a lack of particularity and failure to plead detrimental reliance. Plaintiffs do not respond to the Motion to Dismiss as to Claim Nine. Therefore, Claim Nine is dismissed as to Green Tree.

**I.     Equitable Estoppel and Promissory Estoppel (Counts Ten and Eleven)**

Arizona defines equitable estoppel as "an affirmative misrepresentation of a present fact or state of facts and detrimental reliance by another thereon." *Tiffany Inc. v. W. M. K. Transit Mix, Inc.*, 16 Ariz. App. 415, 419, 493 P.2d 1220, 1224 (1972). In Arizona, equitable estoppel "is available only as a defense, while promissory estoppel can be used as a cause of action for damages." *Id.* However, Arizona courts have allowed claims based on equitable estoppel to continue as promissory estoppel claims if the plaintiffs adequately alleged the elements of promissory estoppel. *Gorman v. Pima Cnty.*, 230 Ariz. 506, 287 P.3d 800, 804 n.4 (Ct. App. 2012). "The critical distinction between the two is that equitable estoppel refers to reliance on a misrepresentation of some present or past fact, whereas 'promissory estoppel rests upon a promise to do something in the future.'" *Id.* (citing *Trollope v. Koerner*, 106 Ariz. 10, 18, 470 P.2d 91, 99 (1970)). Otherwise, "promissory estoppel includes all elements of equitable estoppel." *Id.*

Here, the Plaintiffs plead both equitable and promissory estoppel. Under *Gorman*, the Plaintiffs' equitable estoppel claim only exists as an affirmative cause of action to the extent that their promissory estoppel theory survives. The question is whether the Plaintiffs have adequately alleged the elements of promissory estoppel. Estoppel as a cause of action contains three elements: "(1) the party to be estopped commits acts

inconsistent with a position it later adopts; (2) reliance by the other party; and (3) injury to the latter resulting from the former's repudiation of its prior conduct." *Id.* at 511, 287 P.3d at 805.

Here, the Plaintiffs allege reliance and injury based on Green Tree's actions as alleged in the FAC. They also allege reliance and injury based on Green Tree's promises to comply with Arizona Law. The Plaintiffs allege that they relied on Green Tree's representation that loan modification and short sale were the only options available when in fact other programs would have helped. They also allege that they relied on Green Tree's statement that they had to be late on their payments in order to be eligible for any relief. The Plaintiffs have adequately pled reliance and injury based on these promises and actions. Counts Ten and Eleven is not dismissed.

### J.     Duty of Good Faith and Fair Dealing (Count Twelve)

The duty of good faith and fair dealing is implied in every contract. *Rawlings v. Apodaca*, 151 Ariz. 149, 153, 726 P.2d 565, 569 (1986). That duty prohibits either party from acting "to impair the right of the other to receive the benefits which flow from their agreement or contractual relationship." *Id.* "[B]ecause a party may be injured when the other party to a contract manipulates bargaining power to its own advantage, a party may nevertheless breach its duty of good faith without actually breaching an express covenant in the contract." *Ariz. Laborers Local No. 395*, 201 Ariz. at 491, 38 P.3d at 29).

Here, the Plaintiffs have failed to identify any benefit under the Deed of Trust or other contract that was impaired by Green Tree. They do not identify what contract they are referring to or what provisions were impaired. Plaintiffs only reference loss mitigation and loan modification in terms of government programs and consent decrees that do not involve Green Tree. None of these are contracts between Plaintiffs and Green Tree. The Plaintiffs generally allege that Green Tree made false statements to them regarding the status of their short sale and the availability of other programs for loss mitigation. They have not identified anything in the Deed of Trust or other contract that guarantees them the right to receive truthful information about a short sale process or

other loan modification or refinance process. Thus, the Plaintiffs have failed to state a claim that Green Tree breached the duty of good faith and fair dealing. Count Twelve is dismissed as to Green Tree for failing to adequately state a claim.

### K. Common Law Fraud (Count Thirteen)

The elements for common law fraud are: (1) A representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted upon by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; (9) his consequent and proximate injury. *See, e.g.*, *Nielson v. Flashberg*, 101 Ariz. 335, 338–39, 419 P.2d 514, 517–18 (1966) (internal quotations and citations omitted).

The parties have not argued that the common law fraud requirements differ in a significant way from the claims under the CFA. The elements for common law fraud are similar and Green Tree has not argued a different basis for the common law fraud claims to be dismissed. The Common Law Fraud count is not dismissed.

**IT IS HEREBY ORDERED** that Defendant Green Tree Servicing's Motion to Dismiss First Amended Complaint (Doc. 15) is **GRANTED IN PART AND DENIED IN PART.** Counts 3, 7, 8, 9, and 12 of the Amended Complaint are dismissed as to Green Tree. Counts 1, 2, 4, 5, 6, 10, 11, and 13 are not dismissed or are only partially dismissed as described herein.

Dated this 14th day of July, 2014.

_____
G. Murray Snow
United States District Judge