WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George Munoz; Magda Reyes, | No. CV-13-01826-PHX-GMS |
| Plaintiffs, | **ORDER** |
| v. | |
| Federal National Mortgage Association; Bank of America Corporation; Greentree Servicing LLC; Unknown Parties, | |
| Defendants. | |

Pending before the Court is Plaintiffs' Motion to Remand. (Doc. 27.) For the following reasons, the Motion is denied.

**BACKGROUND**

George Munoz and Magda Reyes brought this action against multiple defendants in state court alleging various causes of actions in relation to their mortgage. (Doc. 1-1.) Defendants Bank of America Corporation and Greentree Servicing LLC removed to this Court based on diversity jurisdiction. (Doc. 1.) In the Petition for Removal, Defendants asserted that the requirements of 28 U.S.C. § 1332(a) were satisfied because there was complete diversity of the parties and the amount in controversy exceeded $75,000. (*Id.*) In asserting the amount in controversy, the Defendants argued that the Plaintiffs "seek to enjoin the foreclosure" and that the "original principal balance of the loan was $216,000.00." (*Id.*) Defendants noted that Plaintiffs also seek "further damages for which they should be monetarily compensated." (*Id.*)

Plaintiffs now move for remand back to state court alleging that the amount in controversy requirement is not met because the "the relief requested, and promised by counsel for Green Tree, will cost defendants literally nothing." (Doc. 27 at 2.)

**DISCUSSION**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A party may remove an action from state court only if the action could have been brought in the district court originally. *Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743, 747 (9th Cir. 1993). The Court has diversity jurisdiction over an action in which the parties are not citizens of the same state and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

The party asserting federal jurisdiction has the burden of proof on a motion to remand to state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). That party must establish the amount in controversy by a preponderance of the evidence. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839 (9th Cir. 2002). The removal statute is strictly construed against removal jurisdiction. *Id.* (citing *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)). There is a "strong presumption" against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

Defendants assert that the diversity of citizenship requirement is met and Plaintiffs concede that the only basis for their Motion to Remand is their argument that the amount in controversy requirement is not met. In regard to the amount in controversy, Plaintiffs argue in their motions that they only seek a loan modification or novation of their loan. They argue that this will cost Defendants nothing and in fact is required under federal programs to save Defendants money. However, this Court must determine the amount in controversy based on the relief sought in the complaint and not on the relief that the

parties may be pursuing in their settlement talks. In the Amended Complaint, Plaintiffs do not seek a compelled loan modification or novation. Plaintiffs assert monetary damages and request injunctive relief. For the following reasons, Defendants have shown by a preponderance of the evidence that the amount in controversy is met by both the aggregate monetary damages sought and the value of the injunctive relief.

Plaintiffs assert thirteen causes of action, and for each of those counts except for Count Eleven, Plaintiffs assert that they were damaged in an amount that exceeds the jurisdictional minimum. Defendants argue that this concession is enough to establish the amount in controversy. *See Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007) ("[I]f the complaint alleges damages in *excess* of the federal amount-in-controversy requirement, then the amount-in-controversy requirement is presumptively satisfied unless 'it appears to a "legal certainty" that the claim is actually for less than the jurisdictional minimum.'"), *implied overruling in part recognized by Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 977 (9th Cir. 2013) (noting that the preponderance of the evidence and not a legal certainty is the proper standard after *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345 (2013)). Plaintiffs argue that their allegations about the jurisdictional minimum were in reference to the state-court requirement of $10,000 rather than the federal amount of over $75,000. Assuming that Plaintiffs were merely careless in repeating those assertions in the Amended Complaint that they filed in this Court, the amount in controversy is still plainly met on the face of the Amended Complaint. Even if the amount alleged was only the $10,000 for state court purposes, it is asserted in twelve separate counts, making the total amount in controversy to be in excess of $120,000. Therefore, the aggregate value of the monetary damages sought exceeds $75,000.

The injunctive relief sought also satisfies the amount in controversy requirement. Count Ten and Eleven both seek the injunctive relief of estopping Defendants from foreclosing on the home. In actions seeking declaratory relief or injunctive relief, the amount in controversy is measured by the value of the object of the litigation. *Cohn*, 281 F.3d at 840 (citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)).

1  Plaintiffs do not contest that the original principal balance of the loan was $216,000.
2  Plaintiffs argue instead that the full value of the mortgage has only been considered in
3  actions to invalidate the loan. Although Plaintiffs do not seek invalidation, an injunction
4  against foreclosure would have the same practical effect. If this Court were to enjoin
5  Defendants from foreclosing on the home, they would be damaged in an amount equal to
6  the mortgage on the home because they would no longer have the ability to force the sale
7  of the home in order to cover damages caused by the Plaintiffs' default. Accordingly, the
8  amount in controversy is met by the value of the injunctive relief requested and by the
9  aggregate value of the monetary damages sought.

10  Plaintiffs argue that removal cannot be based on bare allegations by Defendants
11  that the amount in controversy is met. *See, e.g.*, *Gaus v. Miles, Inc.*, 980 F.2d 564, 567
12  (9th Cir. 1992) ("[D]efendant's bald recitation that "the amount in controversy exceeds
13  $50,000," without the defendant identifying any specific factual allegations or provisions
14  in the complaint which might support that proposition, should provoke *sua sponte*
15  remand.") Here, there is no such "bald recitation" because Defendants show that the
16  amount in controversy is established by the complaints and exhibits. Defendants only
17  have a burden to prove facts that are not clear from the complaint. *See id.* at 566–67.

18  **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand Court (Doc. 27)
19  is **denied.**

20  Dated this 14th day of July, 2014.

_____
G. Murray Snow
United States District Judge