# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George Munoz; Magda Reyes, | No. CV-13-01826-PHX-GMS |
| Plaintiffs, | **ORDER** |
| v. | |
| Federal National Mortgage Association; Bank of America Corporation; Greentree Servicing LLC; Unknown Parties, | |
| Defendants. | |

Pending before the Court is Defendant Bank of America Corporation's Motion to Dismiss. (Doc. 43.) For the following reasons, the Motion is granted in part and denied in part.

## BACKGROUND

In their First Amended Complaint ("FAC") Plaintiffs George Munoz and Magda Reyes allege that they obtained an adjustable rate mortgage in October 2006 from Countrywide Home Loans ("Countrywide") on their home in Surprise, Arizona. They further allege that Countrywide promised them that if the rates on the subprime mortgage ever rose, they would be able to refinance into a fixed rate mortgage. Defendant Bank of America acquired Countrywide in 2008, but refused to refinance Plaintiff's mortgage in June 2010.

Bank of America then told Plaintiffs that their only recourse was a loan modification, but other loss mitigation programs, including the Home Affordable Refinance Program ("HARP"), were available. Pursuant to the bank's faulty direction

about their only available option Plaintiffs applied several times for the loan modification, but were repeatedly denied because they were current on their loan payments. On April 10, 2012, all beneficial interests and the servicing responsibilities for the loan were assigned to Defendant Green Tree Servicing, LLC ("Green Tree"). Green Tree initiated foreclosure proceedings against Plaintiffs after Plaintiffs ceased paying their mortgage.

On August 9, 2013, Plaintiffs initiated this action in Arizona Superior Court and Defendants removed to this Court. (Docs. 1, 2.) Plaintiffs filed their FAC on October 23, 2013. (Doc. 11.) The parties stipulated to Counts Four, Eight, and Twelve of the FAC being dismissed, (Docs. 41, 44), and Bank of America filed the instant Motion to Dismiss on August 1, 2014, requesting the dismissal of Counts Three, Seven, Nine, Ten, and Eleven as well.[1] (Doc. 43.)

**DISCUSSION**

**I.   Legal Standard**

Rule 12(b)(6) is designed to "test[] the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  Plausibility requires "more than a sheer

---

[1] Bank of America's Response was timely. The Court granted an extension of time for the bank to respond by August 1, 2014, (Doc. 39).

possibility that a defendant has acted unlawfully." *Twombly*, 550 U.S. at 555.

When analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

## II. Analysis

Bank of America first contends that because Counts Three, Seven, and Nine were dismissed by the Court as to Green Tree, these Counts should be dismissed as to Bank of America as well. The dismissal of claims as to one party does not automatically result in the dismissal of others, especially when different facts are alleged for each party. Nevertheless, Bank of America provides additional reasons for the dismissal of these Counts, which will be considered below.

### A. Count Three: Contract Claim

"To bring an action for the breach of [a] contract, the plaintiff has the burden of proving the existence of the contract, its breach and the resulting damages." *Graham v. Asbury*, 112 Ariz. 184, 185, 540 P.2d 656, 657 (1975) (citing *Lorden v. Snell*, 39 Ariz. 128, 4 P.2d 392 (1931)). Count Three of the FAC alleges that Countrywide promised Plaintiffs that they would be able to refinance out of the adjustable rate mortgage and into a fixed rate mortgage, if rates began to rise. These allegations, though sparce, suffice to plead the terms of a contract between Plaintiffs and Bank of America, its breach and damages. Although Bank of America makes arguments about the sufficiency of the evidence surrounding the alleged contract and possible defenses, Plaintiffs have met their burden in stating a claim that is "plausible on its face." *Twombly*, 550 U.S. at 570.

### B. Count Seven: Tortious Failure to Hire, Train, or Supervise Employee

As noted in the Court's previous order dismissing several claims against

1  Greentree, the claim of tortious failure to hire is inapplicable to the current case. (Doc. 34
2  at 8–9). For tort claims under a theory of "negligent hiring, retention, or supervision of an
3  employee, a court must first find that the employee committed a tort." *Kuehn v. Stanley*,
4  208 Ariz. 124, 130, 91 P.3d 346, 352 (Ct. App. 2004). The FAC is silent as to which tort
5  was committed by an employee of Bank of America. And although Plaintiffs, in their
6  Response, state that employees of Bank of America committed negligent
7  misrepresentation, Plaintiffs do not state which employee of Bank of America committed
8  this tort. Plaintiffs also do not offer any theory as to how Bank of America's alleged
9  negligence caused employees to commit the tort of negligent misrepresentation. Plaintiffs
10 have, thus, failed to allege with sufficient specificity how Bank of America was negligent
11 in hiring, training, or supervising the unidentified employee. *See Eder v. Allstate Ins. Co.*,
12 60 F.3d 833 (9th Cir. 1995) (stating that a claim of negligent misrepresentation, like other
13 fraud claims, must be pled "with the requisite specificity" under Rule 9(b)). Count Seven
14 of Plaintiff's FAC is, therefore, dismissed.

### C. Count Nine: Constructive Fraud

Under Rule 9(b) of the Federal Rules of Civil Procedure, claims of fraud must be pled with particularity. *Schreiber Distrib. Co. v. Serv–Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Arizona defines the tort of constructive fraud as "a breach of legal or equitable duty which, irrespective of the moral guilt or intent of the party charged, the law declares fraudulent because of its tendency to deceive others, to violate public or private confidence, or to injure public interests." *Rhoads v. Harvey Publications, Inc.*, 145 Ariz. 142, 148, 700 P.2d 840, 846 (Ct. App. 1984).

For the cause of action to arise, "a relationship, akin to a fiduciary relationship must exist." *McAlister v. Citibank (Ariz.), a Subsidiary of Citicorp*, 171 Ariz. 207, 215, 829 P.2d 1253, 1261 (Ct. App. 1992). The requisite relationship approximates "business agency, professional relationship, or family tie." *Rhoads v. Harvey Publications, Inc.*, 145 Ariz. 142, 148, 699 P.2d 840, 847 (Ct. App. 1984). If a "relationship of trust and confidence exists between [the] two parties so that one of them places a peculiar reliance

in the trustworthiness of another, the latter is under a duty to make a full and truthful disclosure of all material facts and is liable for misrepresentation or concealment." *Id.* at 846–47.

Here, Plaintiffs do not allege, either in the FAC or in their Response that Bank of America had anything "akin to a fiduciary relationship" with Plaintiffs. *Rhoads*, 700 P.2d at 847. Rather, Plaintiffs state in the FAC and reaffirm in their Response that Bank of America was in a business relationship with Plaintiffs. Plaintiffs do claim that Bank of America was bound by a covenant to act in good faith. But this, by itself, cannot suggest a fiduciary relationship because then all contractual relationships would become fiduciary relationships, as "[t]he law implies a covenant of good faith and fair dealing in every contract." *Rawlings v. Apodaca*, 151 Ariz. 149, 153, 726 P.2d 565, 569 (1986). Under Arizona law, the relationship between a debtor and a creditor does not automatically create fiduciary duties. *See CoBiz Fin. v. CF Homes, L.L.C.*, 1 CA-CV 09-0711, 2010 WL 5033527 (Ariz. Ct. App. Nov. 23, 2010) ("In Arizona, without a special agreement, a debtor-creditor relationship does not create a fiduciary duty.") Plaintiffs do not allege with any particularity that their relationship with Bank of America was anything more than that of debtor and creditor. Count Nine of Plaintiff's FAC is, therefore, dismissed.

### D.     Counts Ten and Eleven: Equitable and Promissory Estoppel

Arizona defines equitable estoppel as "an affirmative misrepresentation of a present fact or state of facts and detrimental reliance by another thereon." *Tiffany Inc. v. W. M. K. Transit Mix, Inc.*, 16 Ariz. App. 415, 419, 493 P.2d 1220, 1224 (1972). In Arizona, equitable estoppel "is available only as a defense, while promissory estoppel can be used as a cause of action for damages." *Id.* However, Arizona courts have allowed claims based on equitable estoppel to continue as promissory estoppel claims if the plaintiffs adequately alleged the elements of promissory estoppel. *Gorman v. Pima Cnty.*, 230 Ariz. 506, 287 P.3d 800, 804 n.4 (Ct. App. 2012).

Here, Plaintiffs plead both equitable and promissory estoppel. Under *Gorman*, because the equitable estoppel claim is only a defense, it is converted into a promissory

estoppel claim. And after Plaintiffs' equitable estoppel claim is converted, it is superfluous for Plaintiffs to maintain two separate promissory estoppel claims. Count Ten is, therefore, dismissed, and remaining question is whether Plaintiffs have adequately alleged the elements of promissory estoppel. Estoppel as a cause of action contains three elements: "(1) the party to be estopped commits acts inconsistent with a position it later adopts; (2) reliance by the other party; and (3) injury to the latter resulting from the former's repudiation of its prior conduct." *Id.* at 511, 287 P.3d at 805.

According to the FAC, Bank of America's predecessor in interest, Countrywide, made representations to Plaintiffs that they would be able to refinance out of the adjustable rate mortgage and into a fixed rate mortgage. Plaintiffs relied on Countrywide's representations by choosing to secure their loan with an adjustable rate mortgage. Later, Bank of America made several representations to Plaintiffs that the only option available to them for loss mitigation was a loan modification. Bank of America was aware, however, that other loss mitigation programs were available. Plaintiffs relied on Bank of America's representations by applying for loan modifications several times, only to learn from Bank of America that they did not qualify for loan modifications because they were current on their loan payments. These representations from Bank of America also caused Plaintiffs' reliance in the form of not pursuing relief under HARP and other loss mitigation programs, which were available even to individuals who were current on their loan payments. Thus, Plaintiffs have sufficiently pled both reasonable reliance and injury, and Bank of America's Motion to Dismiss as to Count Eleven is denied.[2]

**IT IS HEREBY ORDERED** that Defendant Bank of America Corporation's Motion to Dismiss First Amended Complaint (Doc. 43) is **GRANTED IN PART AND DENIED IN PART**. Counts 7, 9, and 10 of the Amended Complaint are dismissed as to Bank of America. Counts 4, 8, and 12 were dismissed as to Bank of America by

---

[2] BANA's arguments about the equitable defense of unclean hands and the form of damages requested by Plaintiffs are not appropriately considered at this stage of the litigation.

stipulation. Bank of America, therefore, has fourteen days from the issuance of this Order to respond to the remaining Counts (1, 2, 3, 5, 6, 11, and 13).

Dated this 17th day of November, 2014.

*A. Murray Snow*
G. Murray Snow
United States District Judge